O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0847 DOC (AGRx)                    Date: August 6, 2012

Title: <u>EDWARD KHO v. WELLS FARGO & COMPANY</u>

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

<u>Julie Barrera</u>                         <u>    N/A    </u>
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

<u>None Present</u>                        <u>None Present</u>

**PROCEEDINGS: (IN CHAMBERS):  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court are two motions filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (erroneously sued as Wells Fargo & Company): (1) a Motion to Dismiss (Dkt. 5); and (2) a Motion to Strike (Dkt. 6). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion to Dismiss and DENIES AS MOOT the Motion to Strike.

**I.    Background**

On June 15, 2006, Plaintiff Edward Kho ("Plaintiff") applied for a refinance loan with World Savings Bank, FSB, ("WSB") for the property located at 6 Calabria Lane, Foothill Ranch, California 92610. Removal Ex. A ("Compl.") (Dkt.1) at ¶ 10. WSB qualified Plaintiff for a thirty year adjustable rate loan and subsequently executed the loan agreement. *Id*. Plaintiff's stated income on the loan application was $10,250 although Plaintiff actually made less than $7,000. *Id*. at ¶ 13. Plaintiff alleges that he never stated such an inflated income amount nor confirmed that amount. *Id*. Plaintiff alleges the terms of the loan, which allowed for negative amortization and variable interests rates, "set the Plaintiff up for certain default and the ruination of his credit and ability to purchase real property again," and Defendant Wells Fargo, as successor-in-interest to WSB, "was in a position to tell Plaintiff of the financial difficulties . . . but did not disclose anything of the such [sic]." *Id*. at ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)            Date: August 6, 2012

Page 2

---

In 2007, WSB changed its name to Wachovia Mortgage, FSB. RJN Ex. G.[1] On November 1, 2009, Wachovia Mortgage was converted to Wells Fargo Bank Southwest, N.A. and thereby merged into Defendant Wells Fargo Bank, N.A. *Id*.

When Plaintiff fell behind in his payments in 2012, he sought assistance from Defendant Wells Fargo "to resolve his impending default and obtain a payment that he could actually afford." *Id*. at ¶ 16. Defendant Wells Fargo allegedly "refused to offer any financial relief or even evaluate Plaintiff's financial situation." *Id*. Though Plaintiff has been threatened with foreclosure, the home has not been sold at this time and Plaintiff resided in it at the time the Complaint was filed. *Id*. at ¶¶ 1, 16.

Plaintiff filed the Complaint on April 18, 2012, alleging six causes of action for: (1) fraud; (2) cancellation of contract; (3) violation of the California Business and Professions Code; (4) violation of covenant of good faith and fair dealing; (5) declaratory relief; and (6) violation of California's Finance Lenders Law. Compl. (Dkt.1). Defendant Wells Fargo filed a Motion to Dismiss and a Motion to Strike on June 1, 2012. Mot. Dismiss (Dkt. 5); Mot. Strike (Dkt. 6).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

---

[1] To the extent the Court relies on the documents submitted for judicial notice, the requests are GRANTED. Otherwise, they are DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)                      Date: August 6, 2012
                                                                                                 Page 3

---

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)          Date: August 6, 2012
         Page 4

---

Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

       Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

### III. Discussion

       Defendant Wells Fargo contends that the Home Owners Loan Act ("HOLA") preempts each of Plaintiff's state law causes of action. Mot. Dismiss (Dkt. 5). Plaintiff argues in his opposition that each claim only incidentally affects lending practices and is therefore exempt from HOLA preemption under 12 C.F.R § 560.2(c). Opp'n (Dkt.9). Plaintiff additionally argues that the Court lacks subject matter jurisdiction on the grounds that Defendant, like Plaintiff, is a citizen of California. *See* 28 U.S.C. § 1332(a). After addressing the issue of jurisdiction, the Court will address whether Plaintiff's individual claims are each preempted by HOLA.

       **A. The Court has Subject Matter Jurisdiction**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)            Date: August 6, 2012
                                                                                             Page 5

        Plaintiff argues that the Court lacks subject matter jurisdiction and that Defendant's removal of the action was improper. *See* 28 U.S.C. 1447(c). On May 25, 2012, Defendant filed a Notice of Removal, in which it asserted that the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and Defendant is a citizen of South Dakota while Plaintiff is a citizen of California. Removal (Dkt. 1) at 2; *see also* 28 U.S.C. § 1332(a) (providing for diversity jurisdiction where the amount in controversy exceeds $75,000 and the controversy is "between citizens of different states"). According to Plaintiff, Defendant Wells Fargo is a citizen of California and thus the Court cannot have diversity jurisdiction.

        The proper procedure to seek remand of a case is set out by 28 U.S.C. § 1447(c). Plaintiff fails to abide by these well-established procedural rules by using his opposition brief to argue that removal was improper rather than properly bringing a motion to remand. Despite this procedural *faux pas*, this Court will consider Plaintiff's argument because subject matter jurisdiction "must be policed by the courts on their own initiative." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court concludes that it has subject matter jurisdiction and finds that removal was proper.

        The citizenship of a national bank is governed by 28 U.S.C. § 1348, which provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court in *Wachovia Bank v. Schmidt*, interpreted this language to mean that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." 546 U.S. 303, 307 (2006). Defendant Wells Fargo is a national banking association chartered under the laws of the United States and has its main office in South Dakota. Removal (Dkt. 1) at 3. There are a multitude of cases in which courts have specifically held that Wells Fargo is a citizen of South Dakota. *See, e.g., Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota, not California."); *Tse v. Wells Fargo Bank, N.A.,* No. C10-4441 TEH, 2011 WL 175520, at *3 (N.D. Cal. Jan. 19, 2011) (denying a motion to remand because Wells Fargo is a citizen of South Dakota, not California); *Silva v. Wells Fargo Bank, N.A.,* No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *2 (C.D. Cal. June 16, 2011) (Wells Fargo is only a citizen of South Dakota); *McNeely v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 126970, at *9 (C.D. Cal. Nov. 2, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)                                Date: August 6, 2012
                                                                                                   Page 6

---

Plaintiff does not point to a single case in which a court held that Wells Fargo is a citizen of California for the purposes of determining diversity jurisdiction. The overwhelming weight of authority supports Defendant's contention that it has South Dakota citizenship. Thus, the Court holds that Defendant Wells Fargo is a citizen of South Dakota for the purposes of diversity jurisdiction.

### B. Plaintiff's State Law Claims for Fraud, Cancellation of a Void Contract, Violations of Unfair Competition Laws, and Violations of Finance Lender Laws are Preempted by the Home Owners Lending Act

Defendant Wells Fargo contends that the Home Owners Loan Act, 12 U.S.C. §§ 1461 *et seq.*, preempts each of Plaintiff's state law claims. Plaintiff does not dispute that World Savings Bank, FSB, Wachovia Mortgage, FSB, or Wells Fargo Bank, N.A.,[2] should be treated as federal savings associations regulated by the Office of Thrift Supervision (OTS) pursuant to HOLA. *See* Compl. (Dkt. 1) at ¶ 4; Opp'n (Dkt. 9).

By enacting HOLA, Congress gave OTS broad authority to regulate the various lending practices of federal savings associations. *See* 12 C.F.R. § 560.2(a) ("OTS hereby occupies the entire field of lending regulation for federal savings associations."); *Silvas v. E*Trade*, 514 F.3d 1001, 1004 (9th Cir. 2008). Consequently, Congress made clear that the 'lending operations of Federal savings associations" would be governed exclusively by federal law and OTS regulations, "without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section." *Id*. Section 560.2(b) provides an extensive list of the "types of state laws [that are] preempted," while § 560.2(c) provides that state law such as "contract" and "real property law" are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations." *Id*. at § 560.2(b)-(c). [3]

---

[2] Though Defendant Wells Fargo is not a federal savings bank, as successor-in-interest to World Savings Bank, a federal savings bank and the loan originator, Defendant Wells Fargo will be treated as such for the purposes of preemption under HOLA. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) (holding that HOLA applies to Wells Fargo Bank, N.A. as successor-in-interest to World Savings Bank, FSB); *Zlotnik v. U.S. Bankcorp*, No. C 09-3855 PJH, 2009 U.S. Dist. LEXIS 119857, at *19 (N.D. Cal. Dec. 22, 2009) (holding that "regardless of U.S. Bank's status as a national association, the preemption analysis remains the same" as the analysis "applicable to federal savings associations").

[3] 12 C.F.R. § 560.2(b)-(c) provides:
 "(b) Illustrative examples. Except as provided in § 560.110 of this part, the types of state laws preempted by paragraph (a) of this section include, without limitation, state laws purporting to impose requirements regarding:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)             Date: August 6, 2012

Page 7

---

The Ninth Circuit has instructed that the question of whether a state law is preempted under 12 C.F.R. § 560.2 should be analyzed as follows:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then . . . the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996)).[4]

---

(1) Licensing, registration, filings, or reports by creditors; (2) The ability of a creditor to require or obtain private mortgage insurance, insurance for other collateral, or other credit enhancements; (3) Loan-to-value ratios; (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; (6) Escrow accounts, impound accounts, and similar accounts; (7) Security property, including leaseholds; (8) Access to and use of credit reports; (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants; (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages; (11) Disbursements and repayments; (12) Usury and interest rate ceilings to the extent provided in 12 U.S.C. 1735f–7a and part 590 of this chapter and 12 U.S.C. 1463(g) and § 560.110 of this part; and (13) Due-on-sale clauses to the extent provided in 12 U.S.C. 1701j–3 and part 591 of this chapter.

(c) State laws that are not preempted. State laws of the following types are not preempted *to the extent that they only incidentally affect the lending operations* of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:

    (1) *Contract* and commercial law; (2) *Real property law;* (3) Homestead laws specified in 12 U.S.C. 1462a(f); (4) Tort law; (5) Criminal law; and (6) Any other law that OTS, upon review, finds:
        (i) Furthers a vital state interest; and(ii) Either has *only an incidental effect on lending operations* or is not otherwise contrary to the purposes expressed in paragraph (a) of this section." (Italics added.)

[4] The Ninth Circuit has held that, "because there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable" to § 560.2. *Silvas v. E\*Trade Mortg.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)                              Date: August 6, 2012
                                                                                                       Page 8

---

Defendant Wells Fargo points out that Plaintiff's state law claims are all based on either the loan origination or the servicing of the loan. Mot. Dismiss (Dkt. 5) at 4. Plaintiff's claims with respect to these two areas of conduct implicate California laws regarding fraud, contract cancellation and rescission, unfair competition, and finance lenders' practices. Defendant argues that the state laws these claims are brought under are explicitly preempted because they impose requirements on state lending regulations, while Plaintiff argues that these types of claims are explicitly exempted from preemption by § 560.2(c) because they concern areas of state contract and real estate law.

### 1. Plaintiff's Claim for Fraud

Subject Section 560.2(b) explains that HOLA preempts "state laws purporting to impose requirements regarding . . . (9) [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms . . . [and] (10) [p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(9)-(10).

Defendant argues that Plaintiff's claims for fraud are "preempted because [the claims] seek[] to impose a requirement on the lender to advise a potential borrower as to whether a particular loan product is in his or her best interests." Mot. Dismiss (Dkt. 5) at 5. Defendant reasons that application of California fraud laws would impose requirements on the "origination" of Plaintiff's loan as well as "information . . . included in credit application forms," and thus that this type of activity falls within the scope of § 560.2(b)(9) and (10) and is therefore preempted by HOLA. 12 C.F.R. § 560.2(b)(9)-(10).

Plaintiff alleges that Defendant Wells Fargo engaged in fraud by qualifying Plaintiff for a loan despite allegedly knowing that "Plaintiff lacked the financial resources to consistently afford the mortgage payments." Compl. (Dkt.1) at ¶ 19. Plaintiff claims that his loan application was falsified in that his stated monthly income was inflated by more than $3,250 in order to qualify Plaintiff for the loan. *Id.* at ¶ 20. By purportedly concealing the fact that Plaintiff could not in fact qualify for the loan, Defendant Wells Fargo allegedly engaged in fraud and thereby caused Plaintiff to suffer economic damages. *Id.* at ¶ 21.

---

*Corp.*, 514 F.3d at 1004 (9th Cir. 2008) (citing *Bank of Am. v. City and County of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)            Date: August 6, 2012
                                                                                               Page 9

---

      Plaintiff's claims fall within the ambit of § 560.2(b)(9) and (10) because they are founded on state laws, that, if applied, would mandate certain information to be disclosed during the loan application process, thereby imposing requirements on the manner in which the loan was originated. Thus, Plaintiff's claims for fraud implicate the type of laws listed in § 560.2(b). Because Plaintiff's claims fall within the specific types of state law listed in § 560.2(b), the claims are preempted and the preemption analysis ends. *Silvas*, 514 F.3d at 1006.

      In analogous circumstances, other district courts have held that HOLA, through § 560.2(b)(9) and (10), preempts a plaintiff's fraud and concealment claims. *See, e.g.*, *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1237-38 (E.D. Cal. 2010) (holding that § 560.2(b)(10) preempted claims for misrepresentations made during loan qualification and origination); *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1037 (N.D. Cal. 2001) (holding state law fraud claims preempted because they were "encompassed by . . . § 560.2(b)(9), which applies to 'disclosure and advertising'; and § 560.2(b)(10), which applies to 'origination ... of ... mortgages.'"); *Hughes v. Equity Plus Fin.*, No. 09cv2927 BTM(RBB), 2010 WL 2836828, at *3 (S.D. Cal. July 19, 2010) (holding that HOLA, through § 560.2(b)(9) and (10), preempted claims for intentional misrepresentation and fraudulent concealment where the defendant had falsely inflated stated income on loan application); *Cosio v. Simental*, No. CV 08-6853 PSG (PLAx), 2009 WL 201827, at *5 (C.D. Cal. Jan. 27, 2009) (holding that § 560.2(b)(9) preempts claims relating to a failure to provide plaintiffs with information about associated risks of loan). The Court is persuaded by this extensive authority that Plaintiff's claims regarding Defendant's allegedly fraudulent loan qualification are expressly preempted.

      In response to Defendant's arguments regarding preemption, Plaintiff exclusively relies on *Gibson v. World Savings*, in which the court held that HOLA did not preempt the plaintiff's claims for fraud.[5] 103 Cal. App. 4th 1291 (2002) ("the state cannot dictate to the Bank how it can or cannot operate, but it can insist that, however the Bank[] chooses to operate, it do so free from fraud"). In *Gibson v. World Savings*, the plaintiff

---

[5] Plaintiff does not indicate why the present case is factually analogous to *Gibson v. World Savings*. In the section entitled "PLAINTIFF'S FRAUD CLAIM IS NOT PREEMPTED," Plaintiff merely provides a description of the facts in *Gibson* as well as the court's reasoning, and offers no explanation of how this case supports his argument against preemption. Plaintiff provides no other arguments in this section of his opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)            Date: August 6, 2012
                                                                                                 Page 10

---

borrowers brought suit when the defendant lender purchased contractually-required hazard insurance at a much higher cost than necessary. 103 Cal. App. 4th at 1294. In accordance with the steps that would eventually be set out by the Ninth Circuit in *Silvas*, the court first noted that the purchasing of insurance did not implicate any of the state laws mentioned in § 560.2(b). *Id*. The court then reasoned that the "laws at issue are general contract and commercial laws that only incidentally affect lending operations." *Id*. Finally, the court ruled that contract law was one of the exempted areas of state law listed in § 560.2(c) and that therefore, Plaintiff's fraud claims were not preempted. *Id*.

    *Gibson v. World Savings* is hardly analogous to the present case. Unlike the circumstances presented to the court in *Gibson*, Defendant Wells Fargo's conduct regarding qualification and origination of his loan is specifically included as activity preempted by HOLA. *See* 12 C.F.R. § 560.2(b)(10) ("[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages"). Plaintiff's claims do not involve the satisfaction of the term of a contract that only incidentally affects lending practices like requiring that hazard insurance be purchased. Rather, Plaintiff's claims explicitly pertain to the manner in which a lender can qualify a borrower for a loan. Plaintiff has not established in any meaningful way why *Gibson v. World Savings* advances his argument that his fraud claims are not preempted.

    Because Plaintiff does not rely on any argument other than analogizing to *Gibson v. World Savings*, the Court finds that Plaintiff's claims for fraud are expressly preempted by HOLA through the regulations set out in 12 C.F.R. § 560.2(b). The Court GRANTS the Motion to Dismiss the claims for fraud WITH PREJUDICE.

### 2. Plaintiff's Claim for Cancellation of a Void Contract

    Section 560.2(b)(4) encompasses "[t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interests rate, balance, payments due, or term to maturity of the loan." 12 C.F.R. § 560.2(b)(4). As noted above, the Ninth Circuit has instructed courts to conclude the preemption analysis upon finding that the claim in question implicates a type of law in § 560(b). *Silvas v. E*Trade*, 514 F.3d at 1006.

    Plaintiff alleges that his loan agreement "contains unconscionable terms, including unqualified adjustments in payments, unjust and fraudulent funding fees, and an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)                         Date: August 6, 2012
                                                                                                  Page 11

excessive interest rate not justified based on the plaintiff's credit rating or any other objective criteria including reasonable banking practices." Compl. (Dkt. 1) at ¶ 25.

       Plaintiff's claim for cancellation of a void contract due to its unconscionability must be preempted by HOLA because it imposes requirements on the "terms of credit" that are included in the loan agreement. 12 C.F.R. § 560.2(b)(4). *See Stefan v. Wachovia*, No. C 09-2252 SBA, 2009 WL 4730904, at *3 (N.D. Cal. Dec. 7, 2009) ("[Plaintiff's] claim that the loan agreement terms were unconscionable falls under the 'terms of credit' preemption"); *Curcio v. Wachovia Mortg. Corp.*, No. 09-CV-1498-IEG (NLS), 2009 WL 3320499, at *6 (S.D. Cal. Oct. 14, 2009) (dismissing cause of action for unconscionability pursuant to 12 C.F.R. § 560.2(b)(4), (9), and (10)).

       If a claim falls within the scope of § 560.2(b), the claim is preempted and the analysis ends there. *Silvas v. E*Trade*, 514 F.3d at 1006. Thus, the Court does not reach Plaintiff's argument that claim should not be preempted as it falls squarely within the contract law prong of § 560.2(c)(1).

       The Court finds that Plaintiff's claim for cancellation of a void contract is preempted pursuant to 12 C.F.R. § 560.2(b)(4) and therefore GRANTS the Motion to Dismiss this claim WITH PREJUDICE.

### 3. Plaintiff's Claim for Violations of California's Unfair Competition Law

       In connection with his claims for violations of California's Unfair Competition Laws ("UCL"), Sections 17200 and 17500 of the California Business and Professions Code, Plaintiff alleges that Defendant Wells Fargo: (1) engaged in predatory lending practices; (2) failed to evaluate Plaintiff's financial situation; (3) engaged in deceptive business practices by attempting to collect on a debt that was void and unenforceable; (4) failed to offer a loan modification or other loan default resolution; (5) failed to mitigate consequences of the illegal contract; and (6) violated finance and penal laws. Compl. (Dkt. 1) at ¶¶ 28-34.

       Plaintiff makes no attempt in his opposition brief to argue that his claims are not preempted. Oddly, Plaintiff's opposition points the Court to *Lopez v. World Savings*, 105 Cal. App. 4th 729 (2003), in which the plaintiff's UCL claims *were* preempted under §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)            Date: August 6, 2012
                                                                                  Page 12

560.2 because they dealt with lending activities of federal banking associations. Opp'n (Dkt. 9) at 13.

Given that Plaintiff not only fails to meaningfully respond to Defendant's preemption argument, but also cites authority suggesting that his claim is preempted, the Court GRANTS the Motion to Dismiss the UCL claims AS UNOPPOSED. Plaintiff will be given a final opportunity to amend the Complaint to show that his UCL claims are not preempted.

### 4. Plaintiff's Claim for Violations of California's Finance Lenders Law

Plaintiff makes no meaningful argument that his claim for violations of the California Finance Lenders Law is not preempted by HOLA. Plaintiff only offers one sentence in his opposition brief to counter Defendant's preemption argument. *See* Opp'n (Dkt. 9) at 14 ("The Violations of Finance Lender law alleged go directly toward the unconscionability of the contract, a contract law matter, therefore it is not preempted by HOLA, 12 CFR 560.2.").

By seeking relief under California's Finance Lenders Law for allegedly *unconscionable* lending terms, Plaintiff seeks to challenge Defendant's lending practices. The Court has already held that any challenge based on unconscionable terms in the loan is expressly preempted by § 560.2(b)(4) as seeking to impose requirements on the offered "terms of credit". *See supra* Part III.B.2 (quoting 560.2(b)(4)). Thus, Plaintiff's claim alleging unconscionable contract terms in violation of California's Finance Lenders Law is similarly preempted by § 560.2(b)(4).

The Court GRANTS the Motion to Dismiss this claim WITH PREJUDICE.

### 5. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's allegations that Defendant Wells Fargo breached the implied covenant of good faith and fair dealing are based on the same allegations as his claims for fraud, cancellation of a void contract, and violations of California's UCL. Essentially, Plaintiff re-alleges that Defendant Wells Fargo engaged in predatory lending practices, fraudulently qualified Plaintiff for his loan, and enforced the loan agreement despite the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0847 DOC (AGRx)              Date: August 6, 2012
                                                                                  Page 13

---

fact "that it knew or should have known [the loan agreement] was illegal and unconscionable." Compl. (Dkt. 1) at ¶¶ 38-40.

The Court has already found that these allegations involve the types of state law that are preempted by § 560.2(b) because they affect lenders' obligations regarding loan origination, terms of credit, and required disclosures. *See supra* Part III.B.1 (claims relating to fraud, predatory lending, qualification are preempted), Part III.B.3 (contract enforcement claim is preempted). Therefore, on the same grounds that Plaintiff's other claims regarding Defendant's lending practices were dismissed, the Court GRANTS the Motion to Dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing WITH PREJUDICE.

### C. Plaintiff is Not Entitled to Declaratory Relief

Plaintiff's claim for declaratory relief fails because it will be resolved by other claims for relief and is therefore superfluous and unnecessary. Courts may choose not to permit a claim for declaratory relief when resolution of other claims would sufficiently resolve the controversy. *See Sanchez v. United States Bancorp*, No. 09-CV-00718-IEG (JMA), 2009 U.S. Dist. LEXIS 89752, at *19-*20 (S.D. Cal. Sept. 25, 2009) (a "federal court may decline to address a claim for declaratory relief where the substantive suit would resolve the issues raised by the declaratory judgment action"); *Akhavein v. Argent Mortg. Co.*, No. 5:09-cv-00634 RMW (RS), 2009 U.S. Dist. LEXIS 61796, at *14 (N.D. Cal. July 17, 2009) (where the "relief [a] plaintiff seeks is entirely commensurate with the relief sought through [his] other causes of action . .. [the] declaratory relief claim is duplicative and unnecessary); *Camillo v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1548 AWI SMS, 2009 WL 3614793, at *13 (E.D. Cal. Oct. 27, 2009) (dismissing plaintiff's claim for declaratory relief as "redundant" and "unnecessary").

Plaintiff's claim for declaratory relief is entirely duplicative of his other claims. In support of his claim for declaratory relief, Plaintiff once again alleges that the loan was void and unenforceable due to unconscionable and illegal terms of credit. The Court has already addressed these issues within its discussion of Plaintiff's other claims. There are "no reasons to believe declaratory judgment will resolve any issues aside from those already addressed by the substantive claims." *Rincon v. ReconTrust Co.*, No. 09cv937-IEG-JMA, 2009 U.S. Dist. LEXIS 67807, at *16 (S.D. Cal. Aug. 4, 2009). Therefore, the Court fails to see how declaratory relief would be necessary or useful. For this reason, the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0847 DOC (AGRx)            Date: August 6, 2012
           Page 14

Court GRANTS the Motion to Dismiss this claim for declaratory relief WITH PREJUDICE.

### D. Defendant's Motion to Strike

Defendant has moved to strike the portions of Plaintiff's complaint that pertain to an award of punitive damages. Mot. Strike (Dkt. 6) at 2. Because the Court GRANTS Defendant's Motion to Dismiss Plaintiff's complaint, the Court DENIES the Motion to Strike AS MOOT.[6]

## IV. Disposition

For the reasons listed above the Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss Plaintiff's claims for: (1) actual fraud; (2) cancellation of void contract; (3) violations of California Finance Lenders Law; (4) breach of the implied covenant of good faith and fair dealing; and (5) declaratory relief.

The Court GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss Plaintiff's claim for violations of California's UCL. Plaintiff shall refile an amended complaint, if at all, on or before August 20, 2012. Failure to refile will result in this case being DISMISSED WITH PREJUDICE.

MINUTES FORM 11
CIVIL-GEN            Initials of Deputy Clerk: jcb

---

[6] Even if the Court addressed the Motion to Strike on its merits, the Court would be still be inclined to deny the motion in light of the Ninth Circuit recently holding that a motion to strike cannot be used to strike a claim for damages on the grounds that the damages sought are precluded as a matter of law, as Defendant contends here. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010).